UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN LEWIS,

        Petitioner,

v.                                          Case No. 14-12023

JOE BARRETT,

        Respondent.
                                    /

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
UNDER RULE 60(b)(1)**

On August 29, 2014, the court entered an order dismissing without prejudice Petitioner Martin Lewis's *pro se* petition for habeas corpus. (Dkt. # 7.) The court dismissed Petitioner's petition because he failed to submit the $5 filing fee required under 28 U.S.C. § 1914(a) or an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, after having been notified of the deficiency by court order. (Dkt. ## 6, 7.) Now before the court is a Motion for Reconsideration under Rule 60(b)(1) filed by Petitioner on May 18, 2015, which requests that the court grant relief from its order dismissing the petition pursuant to Federal Rules of Civil Procedure Rule 60(b)(1). (Dkt. # 8.) For the reasons stated below, Petitioner's motion will be denied.

Rule 60(b)(1) provides that a court may relieve a party from a final judgment, order, proceeding on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Petitioner insists that he qualifies for relief because he has "no understanding of the law or how to go about correcting the deficiency;" he relied on advice from other inmates "which resulted in filing a certified trust account

statement late;" and he "sent in a prison disbursement form, thinking this court could use it to draw funds from the petitioner[']s account."  (Dkt. # 8, Pg. ID 21.)

In determining whether to grant a Rule 60(b)(1) motion, the court considers (1) Petitioner's culpability, (2) prejudice to the opposing party, and (3) the merit of the underlying claim or defense.  *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).  "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors."  *Id.* at 628-29.  In considering these factors, the court notes that "[a] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved."  *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (internal quotation marks omitted).

The court finds that Petitioner has not demonstrated a lack of culpability for his petition's deficiency and, therefore, the court does not reach the latter two factors. Magistrate Judge R. Steven Whalen entered an Order to Correct Deficiency on May 30, 2014 which permitted Petitioner 21 days to correct the deficiency.  The order was returned to the court as undeliverable.  (Dkt. # 4.)  A few weeks later, Petitioner notified the court that he had been transferred to a different facility. (Dkt. # 5.)  To ensure that Petitioner received adequate notice of the deficiency, Magistrate Judge Whalen issued a second Order to Correct Deficiency which ordered that the deficiency to be corrected by August 15, 2014.  (Dkt. # 6.)  Petitioner did not correct the deficiency after having been notified about the deficiency by court order.  His alleged inexperience with the law does not absolve him of the obligation to follow the procedures set forth by statute. Moreover, Petitioner demonstrated the ability to communicate with the court by filing the original petition and the subsequent notice of change of address.  Accordingly, the court

finds that Petitioner is culpable for his failure to correct the deficiency in his petition. The court, therefore, will deny Petitioner's Rule 60(b)(1) motion.

IT IS ORDERED that Petitioner Martin Lewis's Motion for Reconsideration under Rule 60(b)(1) is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2015, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522